*TO PROPERLY RELEASE YOUR LIABILITY, PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE*
SECTIONS A-J MUST BE COMPLETED IN FULL PRINT IN CAPITAL LETTERS USE BLACK OR BLUE INK

# NOTICE OF TRANSFER AND RELEASE OF LIABILITY

*MAIL THIS PORTION TO DMV-OR-FILE ONLINE AT dmv.ca.gov*

A NEW OWNER'S *LAST* NAME (OR) COMPANY NAME | FIRST

B NEW OWNER'S ADDRESS | APT NUMBER

C ODOMETER READING (NO TENTHS)

D CITY | STATE | ZIP CODE

E DATE OF SALE OR LEASE RETURN MO DAY YR

F SELLER'S OR LESSEE'S *LAST* NAME (OR) COMPANY NAME | FIRST

G SELLING PRICE (NO CENTS) WHOLE DOLLARS

H SELLER'S OR LESSEE'S ADDRESS | APT NUMBER

I SELLER'S OR LESSEE'S SIGNATURE X

J CITY | STATE | ZIP CODE

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 3FA6P0H74ER220133 | 2014 | FORD | 7FBF485 |

REG 138A (REV. 10/2012)

# STATE OF CALIFORNIA
## CERTIFICATE OF TITLE

AEJ140611AS

VEHICLE HISTORY

AUTOMOBILE

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 3FA6P0H74ER220133 | 2014 | FORD | 7FBF485 |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| 4D | | | G | | NONE | 05/02/2015 |

| YR 1ST SOLD | CLASS | YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| 2014 | FX | | VT | | 06/19/14 |

| MOTORCYCLE ENGINE NUMBER | ODOMETER DATE | ODOMETER READING |
|---|---|---|
| | 04/29/2014 | 20 MI |

ACTUAL MILEAGE

REGISTERED OWNER(S)
CAB WEST LLC LSR
TASSONE SCOTT M LSE
23 HEMLOCK
RCHO STA MARG CA 92688

-----

**I certify (or declare) under penalty of perjury** under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. ________ DATE X ________ SIGNATURE OF REGISTERED OWNER

1b. ________ DATE X ________ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ______ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE |
|---|---|---|---|
| | X | | X |

| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY |
|---|---|
| | |

***IMPORTANT READ CAREFULLY***

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)
HTD LSG LLC
PO BX 105704
ATLANTA
GA 30348

2. X ________
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date ________

022390 CA 151760263

REG. 17.30RS (REV.10/2012)

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.

KEEP IN A SAFE PLACE - VOID IF ALTERED

A

1 OF 1

# California Motor Vehicle Lease Agreement

Lease Date: 05/30/2014

1-800-[illegible]

FORD CREDIT
www.fordcredit.com

| Lessee (and Co-Lessee) - Name and Address (including County) | Lessor - Name and Address: |
|---|---|
| Scott M Tassone<br>23 Hemlock<br>Rancho Santa Margarita, CA 92688<br>County Orange | Ken Grody Ford<br>6211 Beach Blvd<br>Buena Park, CA 90621 |

"Finance Company" is Ford Motor Credit Co The "Holder" is Cab West, LLC and its assigns. By signing "You" (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms on the front and back of this lease and the terms of the WearCare Addendum if it is attached to this lease.

| New/Used/Demo | Mileage at Delivery | Year/Make/Model | Vehicle ID # | Vehicle Use |
|---|---|---|---|---|
| New | 20 | 2014 Ford Fusion | 3FA6P0H74 ER220133 | personal |

**1. Amount Due At Lease Signing or Delivery** (Itemized Below) * $ 4,500.00

**2. Monthly Payments** Your first monthly payment of $ 299.61 is due on 05/30/2014, followed by 23 payments of $ 299.61 due on the 4th day of each month. The total of Your monthly payments is $ 7,190.64.

**3. Other Charges** (not part of Your monthly payment)
Disposition Fee (if You do not purchase the Vehicle) N/A
N/A N/A
N/A N/A
Total $ N/A

**4. Total of Payments** (The amount You will have paid by the end of the lease) $ 10,391.03

* Itemization of Amount Due at Lease Signing or Delivery

**5. Amounts Due At Lease Signing or Delivery:**

| | |
|---|---|
| a. Capitalized cost reduction | $ 2,608.55 |
| b. First monthly payment | 299.61 |
| c. Refundable security deposit | 1,000.00 |
| d. Title fees | N/A |
| e. Registration fees | 259.00 |
| f. California tire fee | 8.75 |
| g. Acquisition Fee | N/A |
| h. Upfront taxes | 215.09 |
| i. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) | 29.00 |
| j. Document Processing Charge (not a governmental fee) | 80.00 |
| k. N/A | N/A |
| l. N/A | N/A |
| m. N/A | N/A |
| Total | $ 4,500.00 |

**6. How the Amount Due At Lease Signing or Delivery will be paid:**

| | |
|---|---|
| a. Net trade-in allowance | $ N/A |
| b. Rebates and noncash credits | 1,500.00 |
| c. Amount to be paid in cash | 3000.00 |
| d. N/A | N/A |
| Total | $ 4,500.00 |

**7. Your monthly payment is determined as shown below:**

| | | |
|---|---|---|
| a. Gross capitalized cost. The agreed upon value of the Vehicle ($ 24,250.00) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) (Itemized below)** | | $ 24,895.00 |
| b. Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost | – | 2,608.55 |
| c. Adjusted capitalized cost. The amount used in calculating Your base monthly payment | = | 22,286.45 |
| d. Residual value. The value of the Vehicle at the end of the lease used in calculating Your base monthly payment | – | 17,299.20 |
| e. Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term | = | 4,987.25 |
| f. Rent charge. The amount charged in addition to the depreciation and any amortized amounts | + | 1,670.59 |
| g. Total of base monthly payments. The depreciation and any amortized amounts plus the rent charge | = | 6,657.84 |
| h. Lease payments. The number of payments in Your lease | ÷ | 24 |
| i. Base monthly payment | = | 277.41 |
| j. Monthly sales / use tax | + | 22.20 |
| k. Total monthly payment | | $ 299.61 |
| l. Lease term in months. | | 24 |

**Early Termination. You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.**

**8. Excess Wear and Use.** You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, You must pay to Lessor $0. 15 per mile for each mile in excess of 21020 miles shown on the odometer. See Items 22 and 26 on back and the WearCare Addendum if it is attached to this lease for additional excess wear and use terms.
**9. Extra Mileage Option Credit.** At the scheduled end of this lease, You will receive a credit of $0. N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed, if You terminate Your lease early, exercise any purchase option, are in default or the credit is less than $1.00.
**10. Purchase Option at End of Lease Term $ 17,799.20 plus official fees and taxes is Your lease end purchase option price.** You have the option to purchase the Vehicle from a party designated by Holder for the purchase option price plus a purchase option fee of $ N/A at the end of this lease term if You are not in default.
**Other Important Terms.** See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

****11. Itemization of Gross Capitalized Cost**

| | | | |
|---|---|---|---|
| Agreed Upon Value of the Vehicle As Equipped at the Time of Signing the Lease $ 24,250.00 | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A |
| Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease + $ N/A |

| | | | | |
|---|---|---|---|---|
| Sales/Use Tax & Other Applicable Taxes + $ N/A | Title Fees + $ N/A | License & Registration Fees + $ N/A | Lessor Services + $ N/A | Acquisition Fee + $ 645.00 |
| Document Processing Charge (not a governmental fee) + $ N/A | Outstanding Prior Credit or Lease Balance + $ N/A | WearCare + $ N/A | Agreed Upon Value of N/A + $ N/A | Agreed Upon Value of N/A + $ N/A |
| Electronic Vehicle Registration or Transfer Charge (not governmental fee) + $ N/A | N/A + $ N/A | N/A + $ N/A | N/A + $ N/A | Total Gross Capitalized Cost = $ 24,895.00 |

**12. WARRANTY** The Vehicle is covered by any warranty indicated below:
[XX] Standard new vehicle warranty provided by the manufacturer or distributor of the Vehicle.
[ ] N/A

**If the Vehicle is of a type normally used for personal use and the Lessor, or the Vehicle's manufacturer, extends a written warranty or service contract covering the Vehicle within 90 days from the date of this lease, You get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. Otherwise, You understand and agree that there are no such implied warranties, except as otherwise required by state law.**

**13. OFFICIAL FEES AND TAXES $ 1,113.99.** The estimated total amount You will pay for official and license fees, registration, title and taxes over the term of Your lease, whether included with Your payment or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

**14. This lease contract was negotiated primarily in the language initialed by the Lessee:** [initials] English ____ Spanish ____ Chinese ____ Tagalog ____ Korean ____ Vietnamese ____ Other

**15. Agreement to Arbitrate:** By signing below You agree that, pursuant to the Arbitration provision on the reverse side of this lease, You or we may resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration provision for any additional information concerning the agreement to arbitrate.
Buyer Signs X [signature]
Co-Buyer Signs X

**16. LESSOR SERVICES** N/A
(See Item 21 on back)

**17. LATE PAYMENTS** You will pay a late charge on each payment that is not received within 10 days after it is due. The charge is 7.5% of the full amount of the scheduled payment or $50.00 whichever is less.

**18. VEHICLE INSURANCE MINIMUMS.** You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with (a) comprehensive fire and theft insurance with a maximum deductible amount of $1,000; and (b) collision and upset insurance with a maximum deductible of $1,000; and (c) automobile liability insurance with minimum limits for bodily injury or death of $ 15,000 for any one person and $ 30,000 for any one accident, and $ 5,000.00 for property damage.

**19. Description of Vehicle or Other Property Trade-In:** N/A (Year/Make/Model or Other Property Description) Agreed Upon Gross Value: N/A (See Item 6, above, for net trade-in allowance)

Lessee agrees that if this lease cannot be assigned by Lessor to a financial institution with whom it regularly does business on terms acceptable to Lessor, and Lessor gives notice to Lessee within 10 days, this Lease will be rescinded. Lessee must then return the vehicle to Lessor undamaged and in good condition and Lessor will then return all consideration paid.

Trade-In, Term lease other Individualized Agreements
By: X [signature] Lessee By: X Co-Lessee

## SIGNATURES AND IMPORTANT NOTICES

**You specifically waive the right to keep any residence address confidential as granted by Section 1808.21 of the California Vehicle Code.**

**THERE IS NO COOLING OFF PERIOD**
**California law does not provide for a "cooling off" or other cancellation period for Vehicle leases. Therefore, You cannot later cancel this lease simply because You change Your mind, decided the Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this lease only with the agreement of the Lessor or for legal cause, such as fraud.**

**You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by You.**

Modification: This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.
Lessee: Scott M Tassone By: X [signature] Title:
Co-Lessee: By: X Title:

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.**

**(1) Do not sign this lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this lease; (3) Warning - Unless a charge is included in this lease for public liability or property damage insurance, payment for that coverage is not provided by this lease.**

**NOTICE: You state that You have been given notice of an assignment of this lease by the Lessor to Holder and a filled-in copy of this lease at the time You sign it.**
Lessee: Scott M Tassone By: X [signature] Title:
Co-Lessee: By: X Title:

Lessor and Lessee are hereby notified that Holder has assigned to OI Exchange, in its capacity as Holder's qualified intermediary, its rights (but not its obligations) with respect to the purchase of this Vehicle and the sale of this Vehicle at lease termination.
Lessor accepts this lease and assigns it to Holder under the terms of the finance or lease plan agreement between Lessor and Finance Company unless otherwise indicated here:
Lessor: Ken Grody Ford By: X [signature] Title: Finance [signature]

FC 19002-P (NOV 13)
Previous editions may NOT be used.
CA ORIGINAL
PLY 1 - ORIGINAL PLY 2 - LESSEE PLY 3 - CO-LESSEE/GUARANTOR COPY PLY 4 - LESSOR

14.15

EXHIBIT B

PAGE 1 OF 2

VEHICLE MAINTENANCE, INSURANCE AND USE

20. VEHICLE USE AND SUBLEASING You will not use, or permit others to use the Vehicle (a) in violation of any law, (b) contrary to the provisions of any insurance policies covering the Vehicle, (c) outside the state where first titled or registered for more than 30 days without Finance Company's written consent, (d) outside the United States, except for less than 30 days in Canada or Mexico, or (e) as a private or public carrier. You will keep this lease and Vehicle free of all liens and encumbrances. You will not assign or sublease any interest in the Vehicle or lease without Finance Company's written consent.

21. VEHICLE MAINTENANCE AND OPERATING COSTS Proper Vehicle maintenance is Your responsibility. You must maintain and service the Vehicle at Your own expense, in accordance with the manufacturer's specifications. This includes following the owner's manual and maintenance schedule, documenting maintenance performed, and making all needed repairs. You are also responsible for all operating costs such as gas and oil. Lessor will provide the service(s), if any, identified in the Lessor Services section under the terms of a separate agreement. The manufacturer will invalidate warranty coverage on parts affected by a failure to maintain the Vehicle as required by the manufacturer. (See Lessor Services, Item 16, on the front of this lease)

22. DAMAGE REPAIR You are responsible for repairs of All Damage which are not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-accident condition, including repairs to Exterior Sheet Metal, Plastic Components, and to Vehicle Safety Systems, including air bag, seat belt and ABS system components. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Discuss this requirement with Your insurance company prior to signing a collision repair estimate or before authorizing any collision repair work. If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease. You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

23. VEHICLE INSURANCE If the state in which You title/register the Vehicle establishes or changes the minimum automobile liability insurance limits to greater than those listed on the front of this lease in Section 18, "Vehicle Insurance Minimums," for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by the state. These amounts may not be sufficient to cover all Your liabilities. You may wish to consult Your insurance advisor about obtaining additional coverage. You will list the loss payee and additional insured as requested by Lessor. You must give Finance Company evidence of this insurance.

You authorize Finance Company, on Your behalf, to receive and endorse checks or drafts and to settle or release any claim under the insurance related to Holder's ownership of the Vehicle. You also assign to Holder any other insurance proceeds related to this lease or Holder's interest in the Vehicle.

If You or Finance Company obtain a refund for amounts paid to third parties for insurance, service contracts, or any other amount paid to a third party included in the Gross Capitalized Cost of this lease, You must pay to Holder the entire amount of the refund and You authorize the Holder to subtract the refund from the amount You owe under this lease.

**LESSOR IS NOT PROVIDING VEHICLE INSURANCE OR LIABILITY INSURANCE**

If You title/register the Vehicle in, or change the garage location of the Vehicle to a state where Finance Company has established minimum automobile liability insurance limits greater than those listed on the front of this lease for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by Finance Company.

ENDING YOUR LEASE

24. TERMINATION This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor or another place designated by Finance Company, and (c) the payment by You of all amounts owed under this lease. Finance Company may cancel this lease if You default.

25. RETURN OF VEHICLE If You do not buy the Vehicle at lease end, You must return it to Lessor unless Finance Company designates another place. Upon return of the Vehicle, You must pay the Disposition Fee shown on the front of the lease in Section 3, "Other Charges." If, upon termination of the lease, You enter into a lease agreement or retail installment contract for a new vehicle which is assigned to or administered by Finance Company, You will not be required to pay the Disposition Fee. If You fail to return the Vehicle, You must continue to pay the monthly payments plus other damages to Finance Company, including amounts payable under default. Payment of these amounts will not allow You to keep the Vehicle.

26. STANDARDS FOR EXCESS WEAR AND USE You are responsible for repairs to the Vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) Tires which are unmatched, unsafe or have less than 1/8 inch of remaining tread in any place; (b) Electrical or Mechanical defects or malfunctions; (c) Glass, Paint, Body Panels, Trim and Grill Work that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented or rusted; (d) Interior rips, stains, burns or worn areas; and (e) All Damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the Vehicle must not invalidate any warranty.

If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease. You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

27. ODOMETER STATEMENT Federal law requires You to complete a statement of the Vehicle's mileage at the end of this lease.

28. VOLUNTARY EARLY TERMINATION AND RETURN OF THE VEHICLE You may terminate this lease early by returning the Vehicle to Lessor, unless Finance Company designates another place, and paying the following: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Vehicle's Fair Market Wholesale Value, plus (b) all other amounts then due under this lease, plus (c) the Disposition Fee listed on the front of this lease in Section 3, "Other Charges." You will never pay more than the sum of the remaining payments, plus any excess wear and use and mileage charges, and all other amounts then due under this lease.

VOLUNTARY EARLY TERMINATION AND PURCHASE OF THE VEHICLE You may purchase the Vehicle from Lessor or a party designated by Holder at any time for a purchase price that cannot exceed the following: (a) past due payments at the time of the purchase, plus (b) all other amounts then due under the lease (except excess wear and use and mileage charges), plus (c) any other charges, including the purchase option fee in Section 10, "Purchase Option at End of Lease Term", connected to the early termination and purchase, plus (d) the Unpaid Adjusted Capitalized Cost. You may also be charged for any taxes and other charges incidental to the sale. Payment of the purchase price will satisfy Your liabilities under this lease.

*Unpaid Adjusted Capitalized Cost* is reduced on each payment due date. It is calculated by reducing the Adjusted Capitalized Cost each month by the difference between the Base Monthly Payment and the part of the Rent Charges earned in that month on an actuarial basis. Rent Charges are earned when due. Lessor or Finance Company will provide You with a written explanation of the actuarial method upon Your request.

*Fair Market Wholesale Value*, at Your option, will be: (a) an amount agreed to by You and Finance Company, or (b) the value which could be realized at the wholesale sale of the Vehicle, as determined by a professional appraisal obtained by You at Your expense from an independent third party agreeable to Finance Company at least 3 days prior to any scheduled sale date of the Vehicle, or (c) if not established by agreement or appraisal, the net amount received by Finance Company, Holder or its designated intermediary upon the sale of the Vehicle at wholesale.

Please contact Finance Company at the telephone number or website listed on the front of this lease if You have any questions regarding terminating Your lease.

DEFAULT AND LOSS OF VEHICLE

29. DEFAULT You will be in default if (a) You fail to make any payment when due, or (b) a bankruptcy petition is filed by or against You, or (c) any governmental authority seizes the Vehicle and does not promptly and unconditionally release the Vehicle to You, or (d) You have provided false or misleading material information when applying for this lease, or (e) You fail to keep any other agreement in this lease.

If You are in default, and You have not exercised Your rights in Section 28, the "VOLUNTARY EARLY TERMINATION" paragraph, Finance Company may cancel this lease, take back the Vehicle and sell it at a public or private sale. You also give Finance Company the right to go on Your property to peacefully retake the Vehicle. Even if Finance Company retakes the Vehicle, You must still pay at once: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Fair Market Wholesale Value, plus (b) all other amounts then due under this lease. You must also pay all expenses, including reasonable attorney's fees, payable by Finance Company to obtain and hold the Vehicle, collect amounts due and enforce Holder's rights under this lease. You authorize Finance Company to cancel Your insurance and apply any proceeds to Your obligation.

30. LOSS OR DESTRUCTION OF VEHICLE If the Vehicle is stolen or destroyed, You will pay to Finance Company: (a) the Unpaid Adjusted Capitalized Cost plus (b) all other amounts then due under this lease, minus (c) any insurance proceeds received by Finance Company. Gap Waiver: If You had in effect the insurance required under this lease and Finance Company receives the full proceeds, You will pay to Finance Company: (a) any past due monthly lease payments, plus (b) the amount of the applicable insurance deductible, plus (c) all other amounts then due under this lease. Even if the Vehicle is insured, until Finance Company receives the appropriate amount above, You are responsible for the scheduled monthly payments.

XX

ADDITIONAL INFORMATION

31. ASSIGNMENT AND ADMINISTRATION When You and Lessor sign this lease, Lessor will assign it to Holder. Finance Company or a substitute will administer this lease. You must then pay all amounts due under this lease to Finance Company. All payments must be made in U.S. funds.

If Finance Company is not the Holder of this lease, Holder has appointed Finance Company as its agent. As agent for Holder, Finance Company has the power to act on Holder's behalf to administer, enforce, and defend this lease. If Lessor has agreed to repair or maintain the Vehicle, obtain any insurance or perform any other service, You will look only to the Lessor for these services.

32. TAXES You will promptly pay all fees, charges, and taxes relating to the lease or Vehicle (except for Lessor's or Holder's income taxes). You will pay these amounts even if they are assessed after lease end.

33. TITLING The Vehicle will be titled in the name of Holder. You will register the Vehicle as directed by Finance Company. You will pay all license, title and registration costs.

34. INDEMNITY You will indemnify and hold harmless Lessor, Finance Company and Holder and their assigns from any loss or damage to the Vehicle and its contents and from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle. You will [illegible] driver. If You [illegible] a $20 administrative [illegible] ticket, or penalty that must be paid on Your behalf.

35. SECURITY DEPOSIT Your security deposit may be used by Finance Company to pay all amounts that You fail to pay under this lease. You will not receive any interest, profits or other earnings on Your security deposit(s).

36. CONSUMER REPORTS: You authorize Finance Company and Holder to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this lease.

37. SERVICING AND COLLECTION You agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Lessor, Finance Company, Holder and their affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

38. GENERAL Except as otherwise provided by the law of the state where You reside, the law that will apply to this lease is the law of the state where the Lessor's place of business is, as shown on the front of the lease. If that law does not allow any of the agreements in this lease, the ones that are not allowed will be void. The rest of this lease will still be good.

**READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**

**ARBITRATION**

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either You or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue; 3) Claims between You and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**

If either You or we choose to arbitrate a Claim, then You and we agree to waive the following rights:

- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, You and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that courts jurisdiction.

You or we may choose the American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. We will pay your total reasonable arbitration filing, administration, service or case management fee and your arbitrator or hearing fee (collectively "Filing Fee") in excess of $200.00. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. We will pay the whole Filing Fee if we demand arbitration first. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. Except, however, if a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. Notwithstanding any other provision of this arbitration provision, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

FC 19002-P (NOV 13)
Previous editions may NOT be used.
CA

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION**

EXHIBIT B

PAGE 2 OF 2